**SO ORDERED.**

**SIGNED this 19 day of December, 2018.**

_____
**Stephani W. Humrickhouse**
**United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

WILLIAM DOUGLAS PARKER, JR.
DIANA LYNNE PARKER

    DEBTORS

CASE NO.
12-03128-8-SWH
CHAPTER 11

## ORDER

The matters before the court are the Debtors' continuing objection to the claim for prepetition default interest pursued by Georgia Capital, LLC ("GCAP") and the Debtors' objection to GCAP's application for attorney's fees. After considering whether these issues remain subject to decision by this court or are precluded by an order issued in this case on September 17, 2015 by the United States District Court for the Eastern District of North Carolina, D.E. 706 (the "District Court Order"), this court requested additional briefing by the parties regarding both matters. *See* D.E. 1021 (the "Scope of Remand Order"). Both parties have submitted the requested briefs, and neither party requested further hearing. The matters are now ripe for decision.

## BACKGROUND

A detailed procedural history is contained in the Scope of Remand Order. A brief summary is provided to understand the decision contained herein. William Douglas Parker, Jr. and Diana

Lynne Parker filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on April 25, 2012.[1] Two companion cases were already pending: Gregory & Parker, Inc., Case No. 12-01382-8-SWH, and Parker-Seaboard, LLC, Case No. 12-01383-SWH, both filed on February 22, 2012 (the "Corporate Cases"). The Corporate Cases were administratively consolidated on April 3, 2012.

GCAP filed a proof of claim in this case on June 8, 2012 in the amount of $4,186,317.33 (the "Claim"). Claim No. 4-1.[2] The Claim is based on two promissory notes in the original principal amounts of $2,550,000 and $1,440,000, respectively, secured by several parcels of real property. The Claim further included $352,847.78 of accrued interest less $116,530.95 of reserves held. Objections to the GCAP claim were filed in this case and in the Corporate Cases. Among other things, the stated bases for objecting to the Claim included: (1) an objection to the assessment of a default rate of interest as not reflecting the costs for monitoring and administering the loan; (2) inability to determine the date on which GCAP began assessing default interest; and (3) a contention that the collection of default interest was a disguised attempt to recover penalties. *See* D.E. 192, Ex. A.

An amended claim objection was filed outlining additional bases challenging the default rate of interest, including the difference between the default rate and pre-default contract rate as unreasonable and the relative lack of sophistication of the debtors, as well as a contention that the pre-default rate was much higher than the prevailing market rate. *See* D.E. 233, Ex. A. The Parkers

---

[1] Mr. Parker has since passed away.
[2] Unless otherwise indicated, all citations to the docket or claims register are in the Parkers' individual case, Case No. 12-03128-8-SWH.

2

also submitted a brief in support of their objection, detailing the equitable grounds on which they objected to the assessment of default interest. D.E. 443.

After a lengthy hearing on the objection to the Claim as it related to the assessment of default interest, this court issued an order sustaining the objection dated November 19, 2014, D.E. 537 (the "2014 Order"). In the 2014 Order, the court found that GCAP was not entitled to recover prepetition default interest under 11 U.S.C. § 502 or postpetition default interest under 11 U.S.C. § 506 because the default interest functioned as a penalty. In so finding, the court considered whether:

> (1) the creditor faced a significant risk that the debt will not be paid;
> (2) the lower non-default rate of interest was the prevailing market rate;
> (3) the difference between the default and non-default rate was reasonable; and
> (4) the purpose of the default rate was to compensate the creditor for losses sustained as a result of the default or whether it was simply a disguised penalty.

2014 Order at 6 (citing *In re Deep River Warehouse, Inc.*, No. 04-52749, 2005 WL 1513123, at *3 (Bankr. M.D.N.C. June 22, 2005)).

GCAP appealed the 2014 Order to the United States District Court, which reversed that portion of the 2014 Order disallowing *pre*petition default interest and affirmed that portion of the 2014 Order disallowing *post*petition default interest. With respect to the prepetition default interest, the District Court Order held that the denial of the claim must be based on either a specific subsection of § 502 or North Carolina state law. The district court did not reject all equitable bases for denial of default interest, but provided that any particular equitable basis must be recognized under North Carolina law. Specifically, the district court wrote:

> . . . While the Court does not hold that equitable principles can never apply to claims for pre-petition interest, the language of section 502, as it currently stands, does not leave room for courts to exercise their equitable powers. Section 502 provides the exceptions that will allow a court to deny pre-petition interest. The only other

3

>   exception is if the pre-petition default interest is not allowable under North Carolina law. None of those conditions apply here.
>   
>   The Bankruptcy Court erred by applying equitable principles to GCAP's claim for prepetition default interest without considering whether that application would dissolve GCAP's statutory rights. GCAP is entitled to the default rate of interest under 11 U.S.C. § 502. Accordingly, the Bankruptcy Court's holding that Georgia Capital was not entitled to prepetition default interest is REVERSED.

District Court Order at 6-7. "This matter is REMANDED to the bankruptcy court for further proceedings consistent with this opinion." *Id.* at 9.

On January 25, 2018, GCAP filed an application for reimbursement of legal fees, costs and expenses pursuant to 11 U.S.C. § 506(b), D.E. 957 (the "Fee Application"). The Parkers filed an objection, D.E. 968 (the "Fee Objection"), requesting the court to "conduct a hearing to conclude the Debtors' previously undecided Objection concerning the Movant's request for allowance of prepetition default interest." In the Fee Objection, the Parkers maintained that the Claim Objection raised two arguments that had never been ruled upon: first, "that the allowance of default interest under the terms of the Loan Agreement would be unconscionable under applicable North Carolina state law and, therefore, should be denied," and second, "that to obtain interest prepetition under state law, the loan had to be noticed to the obligor that it was in default and that the balance was due and payable and no competent evidence was ever presented to the Court to show in fact that the loan had been properly called into default and notice of the same given to the appropriate parties." D.E. 968 at 3.

GCAP responded to the Fee Objection, first challenging the procedural vehicle for raising the default interest issue in response to an application for attorneys' fees, and second contending that all issues related to prepetition default interest were conclusively determined by the district court in the appeal. D.E. 994 at 2.

4

After a hearing, the court considered what precisely the District Court Order decided, and issued the Scope of Remand Order. The court noted as follows:

> The District Court Order did not take issue with this court's factual determinations; indeed, the District Court Order upheld the determination that the claimed default interest was in the nature of a penalty when it affirmed this court's finding that GCAP was not entitled to recover *post*petition default interest under 11 U.S.C. § 506. District Court Order at 8 ("the Court finds that the case law and the Bankruptcy Court's findings and analysis as to pre-petition default interest do support denial of GCAP's post-petition default interest claim."). Instead, the District Court Order found that this court applied the incorrect standard in reviewing the claim for *pre*petition default interest, stating, "The Bankruptcy Court erred by applying equitable principles to GCAP's claim for prepetition default interest without considering whether that application would dissolve GCAP's statutory rights."

D.E. 1021 at 7 (citing District Court Order at 7-8). This court further observed that "[t]he district court concluded that bankruptcy courts are 'possibly preclude[d]' from using equitable powers to deny claims for prepetition interest, while also stating that it 'does not hold that equitable principles can never apply to claims for pre-petition interest.'" D.E. 1021 at 8 (citing District Court Order at 6).

After a detailed analysis of the district court's reasoning, this court determined that the review and decision on appeal was narrower than the issues now before the court such that the court could still consider the arguments raised by the Parkers. Because the district court remanded rather than simply reversed the matter, it remained incumbent upon this court to determine whether there are circumstances under which North Carolina would not allow default interest that would result in disallowance of the claim under § 502. Accordingly, the court directed the Parkers to submit a memorandum of law demonstrating how the evidence shows that the claim for prepetition default interest would be impermissible under North Carolina law. D.E. 1021 at 13-14. The court specifically instructed the Parkers as follows:

5

> The court anticipates that GCAP will argue that unconscionability sounds in equity, which the district court has conclusively ruled this court may not consider in a § 502 determination. To the extent the Parkers are relying upon unconscionability under North Carolina law as a basis to deny prepetition default interest, the court expects the Parkers to prospectively address this issue in their memorandum.

D.E. 1021 at 14 n.10. Finally, the court directed the Parkers to file a separate memorandum clarifying the basis for the Fee Objection if they wished to pursue it. D.E. 1021 at 13-14. Similarly, GCAP was given an opportunity to respond.

## CONTENTIONS AND DISCUSSION

### 1. Prepetition Default Interest

#### A. Unconscionability

Perhaps in an effort to address the court's instruction to differentiate between unconscionability and the equitable principles eschewed by the district court, the Parkers maintain that historically, courts of law refused to enforce an unconscionable contract or clause without invoking "the aid of a court of equity to reform it." D.E. 1038 at 4-5 (citing *Hume v United States*, 132 U.S. 406 (1889). However, they also acknowledge that "the concept of dividing courts into courts of law and courts of equity is no longer applicable and many business cases and unconscionability are now controlled under Article II of the Uniform Commercial Code." D.E. 1038 at 5. They go on to say that "[i]t is well recognized in North Carolina that *equity* may require the invalidation of an agreement . . . which is found to be unconscionable," *id.* at 6 (emphasis added), citing, primarily, cases discussing arbitration provisions in consumer agreements.

GCAP contends that no court has ever found default interest provisions in large commercial loan agreements to be unconscionable under North Carolina law, and instead maintains that North Carolina law expressly allows borrowers and lenders to agree to *any* interest rate they choose.

6

Indeed, in considering whether a prepayment penalty is allowable under North Carolina law, Judge Fox compared the law governing prepayment penalties to the law governing interest rates, finding:

> A court trying to determine whether a prepayment premium provisions is "unreasonable," "disproportionate," or "unfair" would have no more basis for making such a determination in any given loan context than it would of determining whether the agreed upon interest rate or the agreed upon loan term or the agreed upon loan amount or repayment provisions were "reasonable," "fair," or "proportionate." The North Carolina statute [N.C. Gen. Stat. § 24–10(b)] recognizes that prepayment provisions are part and parcel of the overall loan terms and, as such, are better left to the agreement of the parties.

*West Raleigh Group v. Mass. Mut. Life Ins. Co.*, 809 F. Supp. 384, 389 (E.D.N.C. 1992).

Similarly, Judge Dever dismissed a cause of action for failure to state a claim upon which relief may be granted where the plaintiff alleged "that the promissory note contains an 'unenforceable penalty' because the 'late charges and default interest are a fixed penalty' and 'do not relate to Defendants' actual damages in the event of default.'" The court reasoned that

> [North Carolina General Statute s]ection 24-8 provides restrictions on the interest, fees, and charges permitted in certain loans. *See* N.C. Gen. Stat. § 24-8. Section 24-8 does not apply, however, to "exempt loans," where the "amount is three hundred thousand dollars ($300,000) or more" or where the "borrower is a person other than a natural person." N.C. Gen. Stat. § 24-9(a)(3). In such cases, "any borrower ... may agree to pay, and any lender, including a bank, may charge and collect from the borrower, interest at any rate and fees and other charges in any amount that the borrower agrees to pay." *Id.* § 24-9(b). "A claim or defense of usury is prohibited in an exempt loan transaction." *Id.*

*Abbington SPE, LLC, v. U.S. Bank, Nat'l Assoc.*, No. 7:16-CV-249-D, 2016 WL 6330389, *8 (E.D.N.C. Oct. 27, 2016).

Finally, GCAP contends that North Carolina courts have rejected the defense of "unconscionability" related to fees and costs for loans not limited by the usury statutes, citing *Citibank, South Dakota, N.A. v. Palma*, 184 N.C. App. 504, 510-11, 646 S.E.2d 635, 640 (2007) ("although Defendant attempted to assert the defense of unconscionability, we hold that this

7

defense was actually in the nature of a defense of usury. Defendant characterizes her unconscionability defense as a challenge to a 'pattern of systematic manipulation' by Plaintiff. However, Defendant's proposed defense only challenged the fees and charges Plaintiff sought to recover.")

Under the facts of this case and with the law of the case as established in the District Court Order, this court cannot find a basis to disallow prepetition default interest. As stated by the district court, that is not to say that equitable principles may never apply to the allowance or disallowance of prepetition interest under § 502, but in this case the Parkers have not demonstrated that unconscionability is a defense to default interest under North Carolina law.

### B. Notice

The Parkers also contend that GCAP's claim for prepetition default interest should be disallowed because there is no evidence "that the prepetition loan has ever been called into default or properly noticed as such to the loan obligors." D.E. 1038 at 13. Citing to *In re Johnson*, Case No. 04-09864-8-JRL, 2005 Bankr. LEXIS 3569, *11-12 (Bankr. E.D.N.C. Oct. 31, 2005), and *Shoenterprise Corp. v. Willingham*, 258 N.C. 36, 127 S.E.2d 767 (1962), the Parkers maintain that where a note provides that default interest may be imposed at the option of the lender, objective evidence of an affirmative exercise of that option is required.

In support of their position, the Parkers note that the only evidence of notice of default was a business record of GCAP that appeared to be a letter drafted by someone who was not a witness at trial that attempted to call the loan in default and demand immediate payment. The Parkers challenge whether the letter was actually mailed to or received by the Parkers, and further contend that it was mailed to an address that is not the address of the Parkers. *See* D.E.1038 at 14-15.

GCAP counters with the following arguments:

(1) The loan documents provide that default interest accrues upon default regardless of whether the balance has been accelerated. Here, the note matured without payment, and default interest began accruing upon maturity without the need to accelerate the outstanding balance.
(2) No notice was required under the loan documents. Default interest is triggered upon default, not notice of default.
(3) Mr. Parker expressly waived his right to notice in the promissory notes.
(4) GCAP gave written notice of the maturity of the loans and that default interest began accruing on September 1, 2011 even though no notice was required.
(5) The written notice was sent to the address for notices provided in the loan documents.
(6) The court has already determined that GCAP sent notice to Mr. Parker in an order dated August 27, 2015, D.E. 694.

*See generally,* D.E. 1055 at 13-16.

Indeed, in denying GCAP's claim for prepetition attorneys' fees, the court determined that while notice was sent, it did not include the language required under North Carolina law for GCAP to recover the requested fees. Specifically, the court noted that

> [t]he facts show that on September 1, 2011, GCAP sent notice to the male debtor that the loans had reached maturity on August 31, 2011, and declared a default and demanded immediate payment. Ex. 1 to GCAP's Rely in Support of Fee Application, Doc. No. 635-1 at 2. The notice further provided that in the event that the full amount outstanding was not paid by September 12, 2011, GCAP would exercise its remedies set forth in the loan documents. *Id.* at 3.

D.E. 694 at 20. While not discussed in the prior order, the letter also contained the following language: "Due to your default, the Loan Documents provide that interest is accruing After August 31, 2011 at the rate of 25% per annum ($2,743.06 per day)," D.E. 635-1 at 2, and, "This letter is sent as an accommodation and does not signify that Borrower is entitled to any notice now or in the future." D.E. 635-1 at 3.

Whether or not GCAP was required to take affirmative steps to charge default interest, the letter clearly states the intent to enforce the default interest provisions of the loan agreements as of

9

August 31, 2011. Further, the Parkers did not object to the authenticity or contend it was not mailed when its admission worked in their favor. The court previously found that the letter was sent to Mr. Parker, and will not now find that the Parkers had no notice (without finding whether or not notice was actually required) of the accrual of default interest.

**2. The Fee Objection**

The Parkers also submitted a "Further Objection to the Second Interim Fee Application" of GCAP, D.E. 1039, which provides, "It is the position of the Debtors that if this Court finds that all or a portion of the loan agreement by and between [GCAP] and the Debtors is unconscionable, then this Court should also find that it is not appropriate for further attorney fees to be awarded based on a contract which contains provisions that are unconscionable." No further explanation of the Parkers' position was given.

GCAP filed a response, D.E. 1056, pointing out that the Parkers have cited no authority that supports denial of its fees or the proposition that if the court were to find one term of the loan documents unconscionable (default interest) that it could then refuse to enforce separate provisions that are reasonable and contained in nearly every loan agreement.

There is no dispute that GCAP is an oversecured creditor entitled to postpetition interest and attorneys' fees pursuant to 11 U.S.C. § 506(b). A prior fee application filed by GCAP was allowed without any objection to GCAP's entitlement to fees under § 506(b).[3] D.E. 694. The Parkers have not objected to any particular entries in GCAP's Second Fee Application, but at the hearing on March 13, 2018 suggested that GCAP was somehow not entitled to the fees it incurred in pursuing the appeal related to default interest (notwithstanding that it was partially successful)

---

[3] There were objections to specific entries, and a detailed order regarding the allowance and disallowance of specific fees and costs was entered on August 27, 2015, D.E. 694, and supplemented on October 1, 2015. D.E. 714.

because the loan was unconscionable. The Parkers' argument related to unconscionability is limited to the default interest provision, not the entire contract, and (as noted by GCAP) there is no explanation of how a finding that one term of the contract is unconscionable could lead the court not to enforce another provision.

Although the Parkers were invited to clarify their position with respect to the basis for denial of the requested fees, they failed to adequately do so. Accordingly, the court finds no basis to deny the fees requested by GCAP, and the Second Interim Application for Fees and Costs, D.E. 957, will be allowed.

## CONCLUSION

For the foregoing reasons, the Debtors' objections to GCAP's claim as it relates to the accrual of prepetition default interest and the Debtors' objection to the Second Interim Application for Fees and Costs are OVERRULED.

## END OF DOCUMENT